UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

---

CHRISTOPHER ADAMS, et al.,

    Plaintiffs,

v.                                                              Case No. 3:17-CV-00140-WCG

WAUPACA FOUNDRY,

    Defendant.

---

## DECISION AND ORDER

---

While this lawsuit is relatively new, the history of this case began in the Eastern District of Wisconsin in *DeKeyser v. ThyssenKrupp Waupaca Inc.*, No. 08-CV-488 (E.D. Wis.). This case was brought by current and former employees of Defendant Waupaca Foundry, seeking relief relating to time spent changing into and out of work clothes and protective gear as well as for time spent showering after their shifts at Defendant's Wisconsin, Indiana, and Tennessee facilities. On July 16, 2008, Defendant filed a motion to dismiss, arguing (1) the FLSA preempted Plaintiffs' Wisconsin state and common law claims; (2) there was no private right of action to enforce record keeping violations; (3) the complaint failed to state plausible causes of action for unpaid wages under Wisconsin statutes; and (4) the complaint failed to state a plausible cause of action for breach of contract. The motion was granted as to the record keeping claim but denied in all other respects.

The case was conditionally certified in December 2008, and in July 2012, the court granted Defendant's motion for summary judgment, finding that Plaintiffs' time spent engaging in on-site decontamination activities was not compensable work under the FLSA. Plaintiffs appealed the

decision to the Seventh Circuit. In October 2013, the Seventh Circuit reversed and remanded for further proceedings. *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 735 F.3d 568 (7th Cir. 2013) (*DeKeyser I*). On November 25, 2014, the court issued a decision defining the legal standard it would apply to determine whether donning and doffing clothing and showering at Defendant's plants are activities required by the nature of the work: "[t]o prevail at trial, Plaintiffs must convince the finder of fact that changing clothes and showering at work will significantly reduce the risk to the health of the employee." Defendant filed a motion for reconsideration of the court's November 25, 2014 order, arguing that the court's legal standard was inconsistent with the Supreme Court's recent decision in *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. ___, 135 S. Ct. 513 (2014). While the court recognized that the principles discussed in *Integrity Staffing* applied to the case, it found that the decision did not affect the legal standard created by the court and denied the motion. Defendant subsequently moved to certify an interlocutory appeal from the court's decision denying reconsideration, which the court denied on April 10, 2015.

On March 31, 2016, the court granted Plaintiffs' motion to certify the Wisconsin law claims as a class action and granted-in-part and denied-in-part Defendant's motion to decertify the previously conditionally certified FLSA collective action. The court divided the FLSA class into three sub-classes—Wisconsin workers, Indiana workers, and Tennessee workers—and transferred the non-Wisconsin cases to the appropriate districts. Defendant appealed the court's certification decision to the Seventh Circuit pursuant to Rule 23(f) of the Federal Rules of Civil Procedure. The Seventh Circuit affirmed, finding that this court "did not err in concluding that the plaintiffs have produced common evidence tending to prove their common assertion, as Rule 23 and section 216(b) require." *DeKeyser v. ThyssenKrupp Waupaca, Inc.*, 860 F.3d 818, 922 (2017) (*DeKeyser II*). On

2

September 7, 2017, Plaintiffs filed an amended complaint on behalf of the Wisconsin plaintiffs in that case and separate complaints in the United States District Court for the Southern District of Indiana on behalf of the Indiana plaintiffs as well as in the United States District Court for the Eastern District of Tennessee on behalf of the Tennessee plaintiffs. The Indiana plaintiffs' complaint asserts four causes of action: violation of the Fair Labor Standards Act of 1938, failure to pay wages in accordance with the Indiana Wage Payment Statute, common law fraud, and common law unjust enrichment. I was assigned to this case under a "borrowing and lending" partnership entered into between the Southern District of Indiana and the Eastern District of Wisconsin.

This case is before the court on Defendant's motion to dismiss Plaintiffs' complaint for failure to state a claim. Specifically, Defendant contends (1) Plaintiffs' changing and showering claims are noncompensable preliminary and postliminary activities under the FLSA in light of the Supreme Court's decision in *Integrity Staffing*; (2) the FLSA preempts Plaintiffs' fraud and unjust enrichment claims; (3) the IWPS preempts Plaintiffs' unjust enrichment claim; and (4) Plaintiffs' fraud claim fails as a matter of law. For the following reasons, Defendant's motion will be granted in part and denied in part.

## LEGAL STANDARD

In considering a motion to dismiss, the court construes the allegations in the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws all inferences in favor of the non-moving party. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011). To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R.

Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). "[T]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Defendant's current motion raises substantially similar arguments to those asserted in its motion to dismiss and motion for reconsideration filed in the Eastern District of Wisconsin in *DeKeyser v. Thyssenkrupp Waupaca Inc.* In particular, Defendant asserts that Plaintiffs' clothes changing and showering claims fail as a matter of law under *Integrity Staffing*. This court previously found in *DeKeyser* that *Integrity Staffing* did not effect the legal standard created by the court. No. 08-C-488, ECF No. 529 at 4–5 (E.D. Wis.). Defendant also argues that Plaintiffs' state common law claims are preempted by the FLSA. This court denied this argument raised in *DeKeyser* as well,

4

noting that Plaintiffs' FLSA and common law claims could coexist in the same action as alternative theories of relief. *Id.*, ECF No. 82 at 4–7. Plaintiffs assert that the law of the case doctrine prevents Defendant from raising these issues in the instant motion because the prior substantive decisions issued in *DeKeyser* are binding to this case.

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)); *see also United States v. Story*, 137 F.3d 518, 520 (7th Cir. 1998). The doctrine "promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *Id.* (internal quotation omitted). While the law of the case doctrine is not a "hard and fast" rule, a party must argue that "an intervening change in the law or other changed or special circumstance warrants a departure." *Tice v. American Airlines, Inc.*, 373 F.3d 851, 854 (7th Cir. 2004) (citation omitted). Here, the Seventh Circuit's decision regarding certification did not discuss or mention the issues raised in the instant motion to dismiss. Because the Seventh Circuit did not decide these issues, the law of the case doctrine does not apply. *See Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1032 (7th Cir. 1997) ("Law of the case is limited insofar as it applies only to issues that were decided in the former proceeding but not to questions which might have been decided but were not."). The court will now address the merits of the motion.

Defendant contends Plaintiffs' FLSA claims, as they relate to donning, doffing, and showering, fail as a matter of law under *Integrity Staffing*. The issue in *Integrity Staffing* was whether the time that plaintiff warehouse workers spent waiting to undergo, and actually undergoing,

5

security screening required by the defendant at the ends of their shifts was compensable by the FLSA. 135 S. Ct. at 515. The Court began its analysis by noting that, under the Portal-to-Portal Act, a principal activity includes all activities that are "an integral and indispensable part" of that activity. *Id.* at 517. It concluded that an activity is "integral and indispensable to the principal activities that an employee is employed to perform if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities." *Id.* Applying this test, the Court concluded the security screenings were noncompensable postliminary activities because they were not the principal activity the employees were employed to perform. *Id.* It reasoned that the employer-required screenings were not integral to the work the workers were hired to perform, namely retrieving products from warehouse shelves and packaging those products for shipment, because they were not an intrinsic element of those duties. *Id.* The Court also found that the screenings were not indispensable because the employer could have eliminated the screenings without impairing the workers' ability to perform their work. Accordingly, the Court concluded the security screenings were noncompensable postliminary activities. *Id.*

Defendant asserts that in light of *Integrity Staffing*, Plaintiffs' donning, doffing, and showering after their shifts are noncompensable because they were not the principal activity the workers were employed to perform, that is, to make iron castings. But the mere fact that donning, doffing and showering are not the principal activity the workers were employed to perform does not mean they are not compensable. *Integrity Staffing* did not overrule *Steiner v. Mitchell*, 350 U.S. 247, 249, 251 (1956), which held that where such activities are compelled by health concerns they are compensable. Indeed, the *Integrity Staffing* Court reaffirmed *Steiner*'s holding that activities related to workers safety do satisfy the "integral and indispensable" test: "For example, we have held

6

compensable the time battery-plant employees spent showering and changing clothes because the chemicals in the plant were 'toxic to human beings' and the employer conceded that 'the clothes-changing and showering activities of the employees [were] indispensable to the performance of their productive work and integrally related thereto.'" *Id.* at 518 (alterations in original) (quoting *Steiner*, 350 U.S. at 249, 251). In other words, changing and showering are principal activities when the nature of the work creates a significant risk to the workers' health and participating in those decontamination activities reduces that risk.

Plaintiffs' Amended Complaint alleges that time spent showering after their shifts is "necessary and indispensable to their work, as the employees work with toxic or corrosive chemicals, and are exposed to silica and other foundry dusts that adhere to the skin and clothing, presenting a health hazard to the employees and any family members who come into contact with them." Am. Compl. ¶ 160C, ECF No. 20. To be sure, unlike *Steiner*, Defendant here contests this allegation and claims that donning, doffing, and showering are not necessary to reduce a serious health risk. But the fact that Defendant contests Plaintiffs' allegation is irrelevant at this stage of the proceedings. In deciding a motion to dismiss, the court is required to accept the well-pleaded allegations of the complaint. *Estate of Davis*, 633 F.3d at 533. At this stage, the court cannot simply reject Plaintiffs' allegations just because Defendant denies them. Nor is the court inclined to limit Plaintiffs' claim by holding that only end-of-shift activities are compensable. Plaintiffs have stated a claim under the FLSA, and that is enough to deny Defendants' motion. As a result, Plaintiffs' FLSA claims will not be dismissed. And because Plaintiffs' FLSA claims survive, Defendant's *Integrity Staffing* challenge to Plaintiffs' state law claims fail as well.

Defendant also asserts that Plaintiffs' state common law claims fail as a matter of law. Defendant maintains that the FLSA preempts Plaintiffs' fraud and unjust enrichment claims because they are duplicative of the FLSA claim. Defendant concedes the Seventh Circuit has not addressed the extent to which the FLSA preempts state law claims. Def.'s Br. at 22, ECF No. 24. Instead, it argues that "district courts in the Seventh Circuit have recognized that the FLSA preempts duplicative state common law claims." *Id.* at 22–23 (citing *DeMarco v. Nw. Mem. Healthcare*, 2011 U.S. Dist. LEXIS 88541 (N.D. Ill. Aug. 10, 2011); *Deschepper v. Midwest Wine & Spirits, Inc.*, 84 F. Supp. 3d 767 (N.D. Ill. 2015); *Richmond v. Adv. Pain Consultants, S.C.*, 2015 U.S. Dist. LEXIS 109319 (N.D. Ill. Aug. 18, 2015); *Kyriakoulis v. DuPage Health Ctr., Ltd.*, 2011 U.S. Dist. LEXIS 63905 (N.D. Ill. June 9, 2011); *Farmer v. DirectSat U.S.*, 2010 U.S. Dist. LEXIS 105738 (N.D. Ill. Oct. 4, 2010); *Nicholson v. UTi Worldwide, Inc.*, 2010 U.S. Dist. LEXIS 138468 (S.D. Ill. Feb. 12, 2010)). This court, however, is not bound by the opinions of another district court.

In enacting the FLSA, Congress did not explicitly preempt state wage and hour laws. Indeed, the FLSA's "savings clause" expressly permits states to provide workers with more beneficial minimum wages and maximum workweeks than those mandated by the FLSA itself. *See* 29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any . . . State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum workweek lower than the maximum workweek established under this chapter . . . ."). Given this express statement evincing Congress' intent not to displace state laws granting workers higher minimum wages or a shorter maximum workweek, it is clear that the FLSA would preempt only those state laws that mandated lower minimum wages or longer maximum workweeks. Here, Indiana law is not less generous than

8

the FLSA and it would seem that the FLSA does not displace state law but rather allows states to offer an alternative legal basis for equal or more generous relief for the same alleged wrongs. If Defendant's policies violate the FLSA a well as Indiana wage and hour laws and constitute unjust enrichment and fraud, as Plaintiffs allege, nothing in the language or purpose of the FLSA precludes Plaintiffs from proceeding on those claims in this action.

Defendant's contention that the Indiana Wage Payment Statute preempts Plaintiffs' unjust enrichment claim with respect to donning, doffing, and showering likewise fail. The IWPS provides, "Payment shall be made for all wages earned to a date not more than ten (10) business days prior to the date of payment." Ind. Code § 22-2-5-1. The statute does not preclude a plaintiff from pleading other alternative legal bases for relief. Plaintiffs have merely pled alternative theories of relief by pleading both unjust enrichment and IWPS claims in accordance with Rule 8 of the Federal Rules of Civil Procedure. Although Plaintiffs may not obtain double recovery, they are free to pursue relief under the IWPS as well as through an unjust enrichment claim. In short, Plaintiffs' state law claims are not preempted.

Defendants further assert that Plaintiffs' fraud claim fails to state a claim because it is not pled with particularity in accordance with Rule 9(b) of the Federal Rules of Civil Procedure. Under the heightened federal pleading standard of Rule 9(b), a plaintiff alleging fraud must state with particularity the circumstances constituting fraud. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012) (citing *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 52, 507 (7th Cir. 2007) ("This heightened pleading requirement is a response to the great harm to the reputation of a business firm or other enterprise a fraud claim can do." (internal quotation marks omitted))). To state the circumstances with the requisite particularity, the plaintiff must allege "the who, what,

9

Case 1:18-cv-01186-WCG   Filed 12/19/17   Page 9 of 11   Document 29

when, where, and how" of the alleged fraud. *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008). "[T]he reference to 'circumstances in [Rule 9(b)] is to matters such as time, place, and contents of the false representations or omissions, as well as the identity of the person making the misrepresentation or failing to make a complete disclosure and what that defendant obtained thereby." 5A Wright & Miller, Federal Practice and Procedure § 1297 (3d ed. 2005). The purpose of this heightened pleading standard is "to force the plaintiff to do more than the usual investigation before filing his complaint" in order to minimize the damage to reputation a baseless claim of fraud can have on a party. *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999).

Here, Plaintiffs failed to allege with sufficient particularity the circumstances constituting Defendant's fraudulent conduct. Plaintiffs allege that during the pendency of this litigation and through at least April 2017, Waupaca's Indiana foremen, at the direction of "plant management, such as Herbie Kuester and Dave Miller, and likely others," would periodically alter time records and unilaterally clock out workers early while continuing to make them work. Am. Compl. ¶¶ 162–65, ECF No. 20. Plaintiffs assert that these time shaving activities broke Defendant's promise to compensate Plaintiffs' at specified hourly base rates. *Id.* ¶ 213. Yet, the amended complaint does not allege whose time cards were altered, which foremen performed the fraudulent conduct, and when it occurred in the last ten years. *See Windy City*, 536 F.3d at 669. In other words, the amended complaint fails to provide Defendant with notice of who participated in the scheme and who was injured as a result. Under these circumstances, Plaintiffs have not sufficiently pled their fraud claim and it will be dismissed.

10

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 23) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiffs' fraud claim is dismissed. The Clerk is directed to set this matter on the court's calendar for scheduling.

Dated this  19th  day of December, 2017.

                                        s/ William C. Griesbach
                                        William C. Griesbach, Chief Judge[*]
                                        United States District Court - WIED

---

[*] Of the Eastern District of Wisconsin, sitting by designation.